IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No.  4:20-cv-282 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AE GROUP, LLC, | ) | |
| SHEILA RILENGE, and | ) | |
| WILLIAM RILENGE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT FOR PERMANENT INJUNCTION**

The United States, for its complaint against Defendants, alleges as follows:

1.      This is a civil action in which the United States seeks to obtain a permanent injunction requiring AE Group, LLC ("AE Group"), Sheila Rilenge, and William Rilenge (collectively, "Defendants") to comply with federal tax laws by, *inter alia*, timely depositing AE Group's employment and unemployment taxes and filing its Forms 941 and 940 with the Internal Revenue Service.

2.      This action is authorized by a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of Attorney General, pursuant to 26 U.S.C. § 7401.

**Jurisdiction and Venue**

3.      This Court has jurisdiction over this case pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396 because AE Group's principal place of business is located within this judicial district, Sheila Rilenge and

William Rilenge reside within this judicial district, and a substantial part of the events or omissions giving rise to these claims occurred within this judicial district.

**Parties**

5.     Plaintiff is the United States of America.

6.     Defendant AE Group, LLC is a limited liability company incorporated in the State of Missouri, with its principal place of business located in St. Louis County. AE Group's primary purpose is "to produce, advertise, market, and organize expos and trade shows geared toward the general public."

7.     Defendant Sheila Rilenge is a member owner of AE Group and is listed as the organizer on AE Group's Articles of Organization. Sheila Rilenge is married to William Rilenge, and she resides in St. Louis County, Missouri.

8.     Defendant William Rilenge is a member-owner of AE Group. William Rilenge is married to Sheila Rilenge, and he resides in St. Louis County, Missouri.

**Background**

9.     At all times from 2013 to the present date, AE Group has employed others and paid them wages. As an employer, AE Group is required by law to withhold federal income and Federal Insurance Contributions Act (FICA) taxes, which include Social Security and Medicare taxes, from its employees' wages and pay the withheld wages over to the Internal Revenue Service. The amounts withheld from employee wages are commonly referred to as "trust fund taxes" because the employee's income and FICA taxes are said to be held in trust by the employer for the United States. See 26 U.S.C. § 7501. The trust fund taxes, along with the employer's own FICA obligations (collectively, "employment taxes"), are reported quarterly on a Form 941 (*i.e.*, Employer's Quarterly Federal Tax Return).

10.     AE Group is required by law to pay Federal Unemployment Tax Act (FUTA) taxes and report its FUTA tax obligations on a Form 940 tax return (*i.e.*, Employer's Annual Federal Unemployment Tax Return).

11.     AE Group is required by law to make periodic deposits of employment and unemployment taxes in an appropriate federal depository in accordance with federal tax deposit laws and regulations. See 26 U.S.C. §§ 6302, 6157; 26 C.F.R. § 31.6302-1.

12.     For various tax quarters from 2013 to the present, Defendants have failed to comply with AE Group's federal employment and unemployment tax obligations, described in paragraphs 9 through 11 above, and instead engage in an activity known as "pyramiding," whereby a business repeatedly withholds taxes from its employees' wages but fails to remit those taxes to the IRS as mandated by law, resulting in an ever-increasing unpaid tax liability.

13.     Defendants' practice of pyramiding AE Group's federal employment and unemployment tax obligations has resulted in unpaid tax liabilities that exceed $734,636.85, as of December 4, 2019, plus interest and other statutory additions as provided by law.

14.     For the tax quarters ending March 31, 2015 through September 30, 2016, AE Group self-reported employment tax liabilities totaling $182,655.91, yet only made timely tax deposits that totaled $8,285.25.

15.     For the tax quarters ending December 31, 2016 through December 31, 2017, AE Group did not file its Forms 941 or Forms 940. AE Group did not make any federal tax deposits towards its employment and unemployment tax liabilities.

16.     AE Group did not make the required federal tax deposits towards its employment and unemployment tax liabilities for any tax quarter in 2018, and AE Group has not made the required federal tax deposits for any tax quarter in 2019.

17.     Despite repeated attempts, as further detailed below, the IRS has been unable to compel Defendants to comply with AE Group's employment and unemployment tax obligations. Similarly, the IRS has been unable to successfully collect AE Group's unpaid employment and unemployment tax liabilities.

### Permanent Injunction Against All Defendants

18.     The United States incorporates by reference all allegations in paragraphs 1-17, above, as if set forth herein.

19.     On the dates, for the tax quarters, and in the amounts set forth below, a delegate of the Secretary of the Treasury made assessments against AE Group for federal employment taxes, interest and penalties. The total unpaid balance of AE Group's employment tax liabilities, through December 4, 2019, which includes unassessed interest, statutory additions, credits and payments, is shown below:

| Tax Quarter Ending | Date of Assessment | Tax Assessed | Unpaid balance as of 12/04/2019 |
|---|---|---|---|
| Mar. 31, 2015 | July 6, 2015 | $43,425.75 | $64,974.68 |
| June 30, 2015 | Sept. 21, 2015 | $32,424.41 | $2,146.21 |
| Sept. 30, 2015 | Jan. 11, 2016 | $16,178.50 | $11,054.20 |
| Dec. 31, 2015 | July 4, 2016 | $23,856.18 | $5,116.56 |
| Mar. 31, 2016 | July 11, 2016 | $24,255.65 | $17,658.98 |
| June 30, 2016 | Sept. 26, 2016 | $31,042.92 | $42,348.75 |
| Sept. 30, 2016 | Jan. 2, 2017 | $33,709.20 | $53,729.31 |
| Dec. 31, 2016 | June 12, 2017 | $49,000.98 | $84,850.80 |
| Mar. 31, 2017 | Aug. 28, 2017 | $51,017.33 | $83,896.01 |
| June 30, 2017 | Mar. 5, 2018 | $52,950.00 | $94,708.81 |
| Sept. 30, 2017 | Mar. 5, 2018 | $54,715.00 | $90,734.27 |
| Dec. 31, 2017 | June 25, 2018 | $59,092.20 | $95,010.34 |
| | | **Total** | **$648,228.92** |

20.     AE Group failed to fully pay over the employment tax liabilities assessed against it.

21.     On the dates, for the tax quarters, and in the amounts set forth below, a delegate of the Secretary of the Treasury made assessments against AE Group for federal unemployment taxes, interest and penalties. The total unpaid balance of AE Group's unemployment tax liabilities, through December 4, 2019, which includes unassessed interest, statutory additions, credits and payments, is shown below:

| Tax Quarter Ending | Date of Assessment | Tax Assessed | Unpaid balance as of 12/04/2019 |
|---|---|---|---|
| Dec. 31, 2015 | July 18, 2016 | $25,239.19 | $40,856.88 |
| Dec. 31, 2017 | May 14, 2018 | $31,206.28 | $45,551.05 |
|  |  | **Total** | **$86,407.93** |

22.     AE Group failed to fully pay over the unemployment tax liabilities assessed against it.

*IRS's Administrative Collection Efforts*

23.     Since at least 2015, the IRS has attempted to bring Defendants into compliance with AE Group's federal employment and unemployment tax obligations and attempted to collect AE Group's unpaid tax liabilities. IRS efforts include:

     a.  Giving AE Group notices of the assessments referred to in paragraphs 19 and 21, above, and making demands for payment on or about the dates of each assessment;

     b.  Issuing levies to Defendants' known bank accounts, resulting in relatively small collection amounts of $1,405.35 on August 2, 2016, $6.37 on September 6, 2016, and $23.16 on October 12, 2016;

5

    c.   Filing several Notices of Federal Tax Liens in St. Louis County, Missouri between March 2015 and June 2018 against each of the Defendants, placing them on notice of their unpaid tax liabilities;

    d.   Assessing trust fund recovery penalties, under 26 U.S.C. § 6672, against Sheila Rilenge and William Rilenge,[1] making them personally liable for the portion of AE Group's unpaid employment taxes withheld from the wages of its employees; and

    e.   Making field calls to Defendants' last known addresses.

24.    On or about September 21, 2017, after performing a postal tracer on AE Group, an IRS Revenue Officer made a field call to an address in Clayton, Missouri and met with Sheila Rilenge. The Revenue Officer informed Sheila Rilenge of AE Group's unpaid tax liabilities and its delinquent Forms 941 and 940, and requested that Sheila Rilenge: (1) pay the balance of AE Group's unpaid tax liabilities; (2) file AE Group's delinquent Forms 941 and 940; and (3) pay any resulting tax due by October 17, 2017. The Revenue Officer also gave Sheila Rilenge an IRS Letter 903, which placed her and AE Group on notice that if AE Group continued to fail to comply with its employment tax obligations, then the IRS may pursue a suit for a civil injunction.

25.    Sheila Rilenge and AE Group missed the October 17, 2017 deadline referred to in paragraph 24, above.

26.    On or about October 17, 2017, the Revenue Officer attempted to make another field call to the business address in Clayton, Missouri, but was told that the Rilenges were unavailable.

---

[1] As of February 13, 2020, the unpaid balances of Sheila Rilenge and William Rilenge's trust fund recovery penalty liabilities total $911,991.20 and $623,630.52, respectively.

27.     Following the field call referred to in paragraph 26, above, Sheila Rilenge and William Rilenge stopped responding to all of IRS's contact efforts.

28.     AE Group has not voluntarily filed its Forms 941 since September 30, 2016, and AE Group has never voluntarily filed a Form 940.

29.     Despite receiving frequent notices from the IRS regarding its past due employment and unemployment tax obligations, Defendants have consistently failed to fully pay AE Group's outstanding employment and unemployment tax liabilities and the IRS has been unsuccessful in fully collecting the unpaid liabilities.

*Injunctive Action Is Necessary*

30.     Section 7402(a) authorizes district courts to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws." The remedies available to the United States under this statute "are in addition to and not exclusive of any and all other remedies." 26 U.S.C. § 7402(a).

31.     An injunction by this Court ordering Defendants to comply with AE Group's federal tax obligations is necessary and appropriate for the enforcement of the internal laws and to prevent continued violations of those laws.

32.     Defendants substantially interfered with, and continue to interfere with, internal revenue laws by repeatedly failing to pay AE Group's employment and unemployment tax obligations; by repeatedly failing to make employment tax deposits timely and in full; and by repeatedly failing to timely file Forms 941 and Forms 940, as required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402.

7

33.     As a result of Defendants' lack of compliance with the internal revenue laws, AE Group presently accrues approximately $33,000 in additional employment and unemployment tax liabilities per tax quarter.

34.     The IRS's administrative collection efforts are futile because Defendants do not appear to have any seizable assets of value or Defendants thwart collection efforts.

35.     AE Group is the fourth known payroll entity operated by Sheila Rilenge and William Rilenge for which they have incurred substantial federal employment and unemployment tax liabilities. Sheila Rilenge and William Rilenge have shown that they will not make the necessary efforts to become compliant with their federal tax obligations, absent a court order compelling them to do so.

36.     In the absence of injunctive relief, Defendants will continue to fail to timely file AE Group's Forms 941 and Forms 940, and continue to fail to timely pay AE Group's employment and unemployment taxes.

37.     The United States has suffered and continues to suffer irreparable harm as a result of Defendants' interference with federal tax administration and violation of federal tax statutes, including but not limited to loss of tax revenue, including the loss of the employees' FICA and income taxes for which Defendants' employees have already received credit from the Internal Revenue Service and the Social Security Administration, and the drain on limited IRS resources due to the IRS's extensive attempts to bring Defendants into compliance.

38.     An injunction by this Court, backed by the threat of coercive judicial sanctions for noncompliance, ordering Defendants to comply with federal employment and unemployment tax requirements is necessary or appropriate for the enforcement of the internal revenue laws and should be issued because:

a.  Traditional collection methods have proven unsuccessful in preventing Defendants from pyramiding federal employment and unemployment tax liabilities;

b.  Defendants are likely to accrue additional unpaid employment and unemployment taxes for each tax quarter that the United States remains unable to collect;

c.  Defendants' conduct deprives the United States of the FICA and federal income taxes, which include Social Security and Medicare taxes, withheld from the wages of AE Group's employees, in addition to AE Group's own FICA and FUTA tax contributions.

d.  The IRS will have to devote substantial time and resources in further attempts to collect the employment and unemployment taxes owed by Defendants;

e.  An injunction will not cause harm to Defendants. Rather, it will compel them to comply with the nation's tax laws by filing the appropriate returns in a timely fashion and paying its taxes accordingly;

f.  As the United States' system for collecting federal income taxes relies heavily upon employers voluntarily withholding and remitting the federal income and FICA taxes owed by their employees, Defendants' routine pyramiding practice undermines a vital component in the nation's tax system.

g.  By using the unpaid employment and unemployment taxes for their own business and operating expenses, Defendants exact an involuntary subsidy from the taxpayers of the United States and gain an unfair business advantage over their law-abiding competitors who comply with their federal tax obligations;

      h.   Allowing Defendants to continue to accrue further delinquent employment and unemployment taxes at the expense of compliant taxpayers would serve only to erode public confidence in the tax administration system;

      i.   Despite repeated attempts over many years, the IRS has been unable to prevent Defendants from pyramiding employment and unemployment tax liabilities, and the United States lacks an adequate remedy at law to prevent Defendants' from continuing to engage in the practice of pyramiding; and

      j.   A money judgment against Defendants for their existing unpaid tax liabilities cannot prevent them from continuing to accrue new employment and unemployment tax liabilities.

WHEREFORE, the United States respectfully requests that the Court:

A.     Enter judgment in favor of the United States and against AE Group, Sheila Rilenge, and William Rilenge;

B.     Find that AE Group, Sheila Rilenge, and William Rilenge have engaged and are engaging in conduct that interferes with the enforcement of the internal revenue laws and injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is necessary or appropriate to prevent AE Group, Sheila Rilenge, and William Rilenge from interfering with the enforcement of the internal revenue laws;

C.     Enter a permanent injunction, pursuant to 26 U.S.C. § 7402(a), Fed. R. Civ. P. 65, and the Court's inherent equity powers, ordering that:

      1.   AE Group, Sheila Rilenge, and William Rilenge shall cause AE Group and any other employer entity they control to, withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of FICA and Medicare taxes;

2. AE Group, Sheila Rilenge, and William Rilenge shall cause AE Group and any other employer entity they control to, timely deposit withheld employee taxes, and employer FICA and Medicare taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

3. AE Group, Sheila Rilenge, and William Rilenge shall cause AE Group and any other employer entity they control to, timely deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with federal deposit regulations;

4. Sheila Rilenge and William Rilenge shall sign and deliver to a designated IRS revenue officer, or to such specific location as the IRS may deem appropriate, on the first day of each month, an affidavit stating that the required federal income taxes, FICA and Medicare taxes, and FUTA taxes were fully and timely deposited for each pay period during the prior month;

5. AE Group, Sheila Rilenge, and William Rilenge shall cause AE Group and any other employer entity they control to, timely file Form 941 employment tax returns and Form 940 unemployment tax returns that come due after the date of the injunction, and Sheila Rilenge and William Rilenge shall provide a copy of each filed return to a designated IRS revenue officer in such manner as the IRS deems appropriate, within five days of filing;

6. AE Group, Sheila Rilenge, and William Rilenge shall cause AE Group and any other employer entity they control to, timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order;

7. AE Group, Sheila Rilenge, and William Rilenge are enjoined from paying other creditors of AE Group or from transferring, disbursing, or assigning any money, property, or assets of AE Group after the date of the injunction order until after such time as the required deposits described in paragraphs C(1), C(2), and C(3), and any liabilities described in paragraph C(6), have been paid in full, for any tax period ending after the injunction is issued;

8. AE Group, Sheila Rilenge, and William Rilenge are enjoined from assigning or transferring money or property to any other entity to have that entity pay the salaries or wages of AE Group's employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

9. AE Group, Sheila Rilenge, and William Rilenge shall permit a representative from the Internal Revenue Service to inspect AE Group's books and records periodically, with two business days' notice of each inspection; and

10. For the five-year period beginning on the date this injunction order is entered, Sheila Rilenge and William Rilenge shall notify, in writing, such revenue officer as the IRS designates, if Sheila Rilenge or William Rilenge come to form, incorporate, own, or work in a managerial capacity for another business entity, within five business days of such event. Regardless of such notification, the preceding subparagraphs of this paragraph C shall apply to any employer entity controlled by Sheila Rilenge or William Rilenge.

D. Order that AE Group, Sheila Rilenge, and William Rilenge deliver to all of their current employees a copy of the Court's findings and injunction, within 30 days of the date of the injunction order

E.      Retain jurisdiction over this case to ensure compliance with this injunction, including authorizing the United States to take post-judgment discovery to ensure compliance;

F.      Order that, if Sheila Rilenge, William Rilenge or AE Group violate any term of this injunction, then counsel for the United States shall send Defendants written notice of the violation, and Defendants shall have 10 days after notification is sent to cure the violation;

1.  A "cure" for the violation includes making a late tax deposit and all accruals on such tax; paying delinquent tax shown on a return and all accruals on such tax; filing a delinquent tax return; and providing a delinquent notification to the designated IRS revenue officer.

2.  If counsel for the United States has sent Defendants three separate written notifications for three separate violations, then counsel for the United States shall no longer be obligated to send written notification of a violation.

3.  If any violation is not cured within ten days of notification or if, after the third notification followed by cures, the United States becomes aware of a new violation by Sheila Rilenge, William Rilenge or AE Group, then the United States shall be entitled to file with this Court a motion for an Order to Show Cause why Sheila Rilenge, William Rilenge and AE Group should not be held in contempt of this injunction and why AE Group should not be ordered to cease doing business immediately and why Sheila Rilenge and William Rilenge should not be permanently enjoined from forming, incorporating, or owning another or a successor business entity and from working for any business in any capacity that includes any responsibility for withholding,

13

accounting for, or paying over employment taxes or for filing employment tax

returns.

G.      Grant the United States its costs incurred in the commencement and prosecution

of this action and for such other and further relief as the Court deems proper.

Dated:   February 20, 2020

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Jordan D. Howlette*
JORDAN D. HOWLETTE
FL Bar No.: 125031
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7328
Washington, D.C. 20044
Tel: (202) 353-0553
Fax: (202) 514-6770
Jordan.howlette@usdoj.gov

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Jordan D. Howlette, U.S. Department of Justice, 555 4th St., N.W., Washington, D.C. 20001. (202) 353-0553.

## DEFENDANTS

AE Group, LLC, Sheila Rilenge, and William Rilenge

County of Residence of First Listed Defendant   St. Louis County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
       Plaintiff

☐ 2  U.S. Government
       Defendant

☐ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. § 7401

Brief description of cause:
Action to permanently enjoin defendants from continuing to violate the internal revenue laws.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   02/20/2020

SIGNATURE OF ATTORNEY OF RECORD   /s/ Jordan D. Howlette

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____, a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐  I returned the summons unexecuted because _____ ; or

❐  Other *(specify)*:

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: